IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY JEROME MILLS,

   Plaintiff,

v.

MUMBY & SIMMONS DENTAL
CONSULTANTS, PC, et al.,

   Defendants.

Civil Action No.: SAG-23-1640

# MEMORANDUM OPINION

Self-represented Plaintiff Anthony Jerome Mills, currently incarcerated at Jessup Correctional Institution ("JCI"), filed this civil rights action against Mumby & Simmons Dental Consultants, PC, Correctional Dental, Jessup Correctional Institution, William Wayne Mumby, Ronald Holderman, DDS, and Foster Grady on June 15, 2023. Compl., ECF No. 1. Defendant Jessup Correctional Institution ("JCI") filed a Motion to Dismiss on January 16, 2024. ECF No. 18. Defendants Mumby & Simmons Dental Consultants, P.C., Correctional Dental Associates, P.C., Ronald Holderman, DDS, and Foster Grady, DDS (hereinafter referred to as "Dental Defendants") filed a Motion to Dismiss, or Alternatively, for Summary Judgment on February 2, 2024.[1] ECF No. 20. Mills was advised of his right to respond to Defendants' Motions pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975). ECF Nos. 19 and 24. Mills filed opposition responses to both Motions. ECF Nos. 25 and 27. Also pending are Plaintiff's Motion to Appoint

---

[1] The Clerk shall be directed to correct the names of the Dental Defendants on the docket. Counsel did not accept service or file a motion on behalf of defendant William Wayne Mumby. ECF No. 20. However, Plaintiff did not mention this Defendant outside the caption of the Complaint. ECF No. 1. As such, the Complaint will be dismissed for failure to state a claim as to defendant Mumby. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A (requiring screening and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit); *see also Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S.Ct. 1721 (2020).

Counsel, ECF No. 16, and the Dental Defendants' Motion to Seal, ECF No. 22.  A hearing is not necessary to resolve the pending Motions.  *See* Local Rule 105.6 (D. Md. 2023).  For the following reasons, the Court will grant Defendants' Motions to Dismiss, or in the Alternative for Summary Judgment.  Plaintiff's Motion to Appoint Counsel will be denied as moot.  The Dental Defendants' Motion to Seal will be denied.

## Non-Dipositive Motions

### I.      Motion to Appoint Counsel

Plaintiff filed a Motion to Appoint Counsel stating that "the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and cross-examination."  ECF No. 16.  He further states that the case requires "extensive resources and expert testimony" which exceeds his own capability.  *Id*. at 3.  A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[2] is a discretionary one.  *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).  There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances."  *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).  Here, because the Complaint will be dismissed, Plaintiff's Motion to Appoint Counsel will be denied as moot.

### II.     Motion to Seal

The Dental Defendants submitted dental records in support of their Motion, together with a Motion to Seal the records.  ECF Nos. 21-22.  Defendants stated that the Motion to Seal was for the purpose of protecting Plaintiff's confidentiality.  ECF No. 22.  The Court may seal records upon the movant's showing that the right to protect the sealed material from public view outweighs

---

[2] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

the public's right to access the courts and court proceedings. *See Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). The movant bears the burden of demonstrating that nothing short of sealing would adequately protect a litigant's interests. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014). *See also* Local Rule 105.11 (D. Md. 2023). Defendants have not made that showing. Furthermore, Plaintiff has included some of the same or similar documents as attachments to his Complaint. *See* ECF Nos. 1-1, 1-2, 1-3, 1-6, 1-7, 1-10, 1-11, and 1-12. Accordingly, the Motion to Seal will be denied.

## Background

### I. Plaintiff's Allegations

On June 15, 2023, Plaintiff filed his Complaint together with several attachments that include dental records and JCI grievance procedure documents. ECF No. 1. Plaintiff alleges that on April 13, 2017, while he was incarcerated at JCI, he saw defendant Ronald Holderman, DDS, regarding a crown that had fallen off his tooth. *Id*. at 1-2. Dr. Holderman told him that he did not have any permanent cement to repair the crown on tooth #19, so he used some temporary cement. *Id*. at 2. Dr. Holderman told Plaintiff that he would order the permanent cement and permanently cement the crown at another visit. *Id*. Plaintiff alleges that the temporary crown came off less than 24 hours later, causing additional problems with his bite. *Id*. Plaintiff states that he returned to the dentist on May 4, 2018 to have the permanent crown put on. *Id*. He saw defendant Foster Grady because Dr. Holderman was not available. *Id*. Plaintiff explained to Dr. Grady that Dr. Holderman had assured him on April 13, 2017 that he was going to get permanent cement on his #19 tooth. *Id*. Dr. Grady again assured Plaintiff that he would get the permanent crown at the next visit. *Id*. at 3. However, the crown came off again within 24 hours. *Id*. On June 5, 2018, Plaintiff saw Dr. Holderman for a cleaning and to get the crown permanently cemented, however Dr.

Holderman apologized saying he forgot to order the cement. *Id*. The temporary crown came off within 24 hours. *Id*.

On January 17, 2020, Plaintiff saw Dr. Grady and asked for an "ADA toothbrush." ECF No. 1 at 3. Dr. Grady told Plaintiff that "the deterioration of his teeth was not due to the toothbrush that has been made available to him by the Department of Corrections, but it is primarily due to the inadequate restoration of his teeth." *Id*. Plaintiff states that he first signed a release form denying recommended treatment, but then recanted it and signed a treatment authorization form. *Id*. at 4. Plaintiff includes copies of these forms. ECF Nos. 1-8 and 1-9.

Plaintiff alleges that on February 4, 2021, Andrew Aziz, DDS saw Plaintiff for x-rays and told Plaintiff that he would be referred off-site for a consult. ECF No. 1 at 4. On February 22, 2021, Plaintiff went to the University of Maryland Medical Center for extraction of teeth #2, #3, and #19. *Id*. The procedure was conducted in the hospital due to Plaintiff's heart condition. *Id*.

Plaintiff alleges that defendants failed to permanently cement the crowns on teeth #2, #3, and #19, which led to the extraction of his teeth and related ongoing problems. ECF No. 1 at 4-5. Plaintiff makes claims of negligence, cruel and unusual punishment in violation of his Eighth Amendment rights, and breach of contract. *Id*. at 5-10. He seeks monetary damages. *Id*.

## II. Defendants' Responses

### a. Jessup Correctional Institution

Defendant Jessup Correctional Institution filed a Motion to Dismiss. ECF No. 18. JCI argues that the Complaint fails to state a claim upon which relief can be granted because it is not an entity subject to suit under 42 U.S.C. § 1983, and because there is no allegation that JCI took any action regarding the alleged conduct. ECF No. 18-1 at 3-4.

4

### b. Dental Defendants

The Dental Defendants move to dismiss the Complaint, or in the alternative, for summary judgment. ECF No. 20. Their motion is supported by a memorandum of law and a copy of Plaintiff's dental records, ECF Nos. 20-1 and 21. Defendants argue that 1) Plaintiff's claims are barred by the statute of limitations; 2) the Court lacks subject matter jurisdiction over Plaintiff's state law claims; and 3) Plaintiff fails to state constitutional claims or a breach of contract claim. *Id*. at 2. Furthermore, Defendants argue that they are entitled to summary judgment because records confirm that the claims arose outside the statute of limitations and show that Plaintiff received regular dental care and was "not subjected to any negligent, extreme, or deliberately indifferent conduct." *Id*.

### c. Dental Records

The Dental Defendants submitted a document titled "summary report for Anthony Jerome Mills 1/1/2007 – 11/30/2023." ECF No. 21. The document, which appears to include the treatment notes of Plaintiff's dental treatment while incarcerated at JCI, is not authenticated. However, Plaintiff has not contested the authenticity of the document. *See* ECF No. 27. In fact, Plaintiff attaches similar documents to his Complaint, which appear to include identical information in a different format. ECF Nos. 1-1, 1-2, 1-3, 1-6, 1-7, and 1-10. Thus, the Court will consider Defendants' submission.

The records show that Plaintiff has a long history of dental problems throughout his time at JCI, dating to March 6, 2008 when he underwent the extractions of several teeth. ECF No. 21 at 2. Further procedures included the restoration of tooth #18 in 2014, extraction of tooth #9 in 2015, and the recementing of tooth #7 in 2015. *Id*. at 3-7. In 2016, a dentist deemed tooth #7 to be non-restorable and recommended extraction. *Id*. at 8.

5

On April 13, 2017, Plaintiff saw defendant Dr. Holderman regarding a lost crown on tooth #19. ECF No. 21 at 8. Dr. Holderman recemented the crown and noted that the tooth may require more permanent cement. *Id*. On October 5, 2017, Dr. Holderman cemented crowns on tooth #18 and tooth #19. Another dentist removed and recemented the crowns again on October 13, 2017. *Id*. On December 22, 2017, a dentist recemented tooth #19 another time. *Id*. On February 5, 2018, Plaintiff saw Dr. Holderman because the crown on tooth #19 had come off once again; the crown was recemented. *Id*. at 9-10. On May 4, 2018, the crowns on tooth #18 and tooth #19 were recemented; Plaintiff was told that the cement was not permanent. *Id*. at 10. On June 14, 2018, Dr. Holderman recemented tooth #18 and applied composite resin to tooth #9. *Id*. On September 27, 2018, the crowns on tooth #18 and tooth #19 were off again, and the dentist recemented tooth #19. *Id*. at 10-11. On November 24, 2018, a dentist noted that the crowns were missing on tooth #18 and tooth #19. *Id*. at 11.

On January 17, 2020, a provider informed Plaintiff that "the failure of the restorations which were upon teeth #7, 9, 10, 18, and 19 was due to the age/wear & tear of the restorations + most importantly, the lack of post/core insertion with the placement of crowns. [The dentist] explained to the patient that it was not the size of the toothbrush which caused[d] the destruction of his teeth, rather it was the incomplete restoration of root canal treated teeth (the lack of post/core insertion) prior to crown placement." ECF No. 21 at 14; see also ECF Nos. 1-6 and 1-7. The dentist recommended extraction of the teeth.[3]

---

[3] The note states that "despite the fact that these teeth cannot be restored within DOC, the patient signed a waiver for the removal of 7, 8, 9, 10, 18, and 19, [and] stated that he would 'seek the previous outside dentist to correct the aforementioned problems or get implants.'" *Id*. Plaintiff claims that he did sign such a release, but that he subsequently recanted it and signed a consent for dental treatment. ECF No. 1 at 4. Plaintiff attached copies of these documents to his Complaint. ECF Nos. 1-8 and 1-9. Plaintiff states that he finally had the teeth extracted on February 22, 2021. ECF No. 1 at 4.

**Legal Standards**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The Court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the Court must "prevent factually unsupported claims and defenses from

proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

The Dental Defendants' Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56(a). A motion styled in this manner implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where a plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for a court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; a court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261. Because the Dental Defendants filed a motion styled as a motion to dismiss, or in the alternative, for summary judgment, Plaintiff had notice that the Court could treat the Motion as one for summary judgment and rule on that basis. In fact, Plaintiff also submitted exhibits outside the pleadings for this Court to consider. ECF 25-1.

## Discussion

### I. Jessup Correctional Institution

Defendant Jessup Correctional Institution filed a Motion to Dismiss, arguing that the Complaint fails to state a claim upon which relief can be granted because it is not an entity subject to suit under 42 U.S.C. § 1983. ECF No. 18. Defendant JCI is correct that it is not a "person"

subject to suit under § 1983[4] and, therefore, Plaintiff's claims against it must be dismissed. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002). A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and JCI is not a person within the meaning of the statute. Therefore, Defendant JCI's Motion will be granted.

## II. Dental Defendants

The Dental Defendants assert they are entitled to dismissal of the Complaint pursuant to Federal Rule 12(b)(6) or, in the alternative, to summary judgment pursuant to Federal Rule 56 because, in part, Plaintiff's allegations are time-barred.[5] ECF No. 20-1.

---

[4] That section states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. §1983 (emphasis supplied).

[5] As the Court concludes that Plaintiff's claims are barred by the statute of limitations, Defendants' remaining arguments need not be addressed. Additionally, "When, as here, the federal claim is dismissed early in the case, the

The statute of limitations is an affirmative defense that must be raised by a defendant, who also has the burden of establishing the defense. Fed. R. Civ .P. 8(c), *Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007). "Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Proc. Code § 5-101.

When a cause of action has accrued under § 1983 is a federal question. *See Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id*. Under the prison mailbox rule, an action under § 1983 commences for the purpose of meeting the statute of limitations when the complaint is delivered to prison staff for mailing and is no longer under the plaintiff's dominion and control. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Lewis v. Richmond City Police Dept*., 947 F.2d 733 (4th Cir. 1991).

The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing *Harris v. Hutcherson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is unavailable to a plaintiff who has not been diligent

---

federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966). Therefore, Plaintiff's state claims will be dismissed without prejudice.

in protecting their rights; rather, the plaintiff must establish that they have been prevented from asserting those rights. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 555 (1974). Under Maryland law, the statute of limitations is strictly construed. "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Trust Corp.*, 333 Md. 324, 333 (1994) (quoting *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 623 (1985)).

This case is considered initiated on June 13, 2023, the date it was postmarked for mailing to the Court.[6] ECF No. 1-13. The Complaint alleges that Defendants' "failure to permanently cement Plaintiff's crowns #2, 3, 18 and 19 back on his natural teeth with the standards to be reasonably expected of a competent ('Dentist') practitioner in the profession, caused the extraction of Plaintiff's #2, 3, 18 and 19 teeth." ECF 1 at 9. The records show, and Plaintiff does not dispute, that he was informed that the teeth were unrestorable and required extraction on January 17, 2020. In fact, Plaintiff submitted the record showing that a dentist told Plaintiff on that date that the damage to his teeth was caused by inadequate past restorations. ECF 25-1 at 6. Therefore, Plaintiff knew on January 17, 2020 that the poor dental care he received had caused irreversible damage to his teeth, and the statute of limitations began to accrue on that date. As the Complaint was not filed until June 15, 2023, approximately three years and five months past January 17, 2020, Plaintiff's claims are barred by the statute of limitations and the Dental Defendants are entitled to summary judgment on that basis.

---

[6] The Complaint is not dated, and it is not known exactly when Plaintiff turned it over to prison officials for mailing. ECF No. 1.

**Conclusion**

For the foregoing reasons, Defendant Jessup Correctional Institution's Motion to Dismiss is granted. The Dental Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as one for summary judgment, is granted. The Dental Defendants' Motion to Seal is denied. Plaintiff's Motion to Appoint Counsel is denied as moot.

A separate Order follows.

August 14, 2024                                    /s/
Date                                    Stephanie A. Gallagher
                                        United States District Judge